MoKinney, J.,
delivered the opinion of the court.
The facts material to the decision of the principal question presented in this canse, are as follows:
Jesse G. Rainey, in his life time, being in embarrassed circumstances, made a fraudulent assignment to his father-in-law, John Rains, of effects to the amount of $-
After the death of said Rainey, (who died intestate and insolvent,) his administrator, Park Street, brought his hill in the Chancery Court at Columbia, to have a final adjustment and pro rata distribution of the estate, pursuant to the acts of 1833, and 1838.
The administrator being precluded from contesting the fraudulent assignment made by the intestate to John Rains, declined the attempt to do so; whereupon W. S. Rainey, a judgment creditor of the intestate, filed his bill against said Rains, to recover the fund fraudulently assigned to him by the intestate to defeat his creditors. The hill, upon its face, purports *262 to have been brought by said W. S. Rainey for the benefit of himself and all other creditors of the estate who might come in and contribute to the prosecution and expenses of the suit.
Rainey obtained a decree against Rains in said cause for $2,200 00. It does not appear that any other creditor of the estate interposed in said cause, to aid in the prosecution, or contribute to the costs and expenses thereof; and the decree declares the right of the complainant, Rainey, to recover the foregoing amount found to be in the hands of Rains, without declaring any trust in-favor of other creditors of the estate.
The fund thus recovered by Rainey, (being far short of the amount of his judgment against the intestate) he claimed the right to retain, and appropriate towards the satisfaction of said judgment, in exclusion of other creditors. And thereupon, F. R. Rains, who is likewise a judgment creditor of the intestate, brought the present bill, in behalf of himself and all other creditors of the estate, to compel a pro rata distribution of the fund recovered by Rainey among all the creditors without distinction.
The Chancellor decreed that Rainey was entitled to retain the fund against the other creditors, and dismissed the bill.
This decree cannot be maintained. It is founded upon an erroneous construction of the several statutes providing for the distribution of insolvent estates.
These several acts taken together clearly evince, that the main object and policy of the law was to abolish all rules of priority or preference in the payment of the debts of an insolvent estate, arising from the nature, degree, or dignity of the debts; and, in case of a deficiency of assets, to place all creditors upon the same footing; and that, a footing of absolute equality, by compelling a pro rata distribution of the assets.
In the case of Mosier vs. Zimmerman, (5 Hum. 62, 65,) it was said by this court, that these statutes are to receive such construction as will advance the remedy intended by them, *263 and suppress the evil. The evil to be suppressed, was the power given by law to a vigilant and active creditor, to appropriate all the effects of an insolvent estate to his own claim, to the exclusion of other creditors of equal merit, but of less rapaciousness or astuteness; and the remedy is, to compel a prorata distribution in such cases.
This conclusion is not deduced by mere inference or construction. The act of 1833, ch. 36, sec. 6, in express terms declares, “That no action brought, judgment, bills single, or note of hand, shall have precedence over unliquidated accounts, which shall be presented and filed authenticated-as required by the act; but that all such- claims be acted upon as being of equal grade.”
By the act of 1838, ch. Ill, sec. 1, the distribution of all insolvent estates is required to be “among the creditors and others interested,” according to the principles of the act of 1833, that is, equally without any priority or preference. By the 2nd section of the act of 1838, a bill, to administer the assets in a court of Chancery, may be brought either by the personal representative, or any creditor of the estate; and whether brought by the one or the other, it must be in behalf of all creditors and other persons interested in the estate, by the express requirement of the 9th section. It matters not in what mode, or from what source, the assets to be distributed are derived ; or by whom collected in, whether the personal representative, or a creditor; and, if by the latter, it is wholly immaterial, as respects the principle of distribution, whether the bill were brought by him, instead of the personal representative, for the purpose of a general distribution of the assets of the estate ; or for the special and incidental purpose of realizing a fund fraudulently assigned by the intestate in his life time. In either case, and in every case, the creditor collecting the fund is, under these statutes, as much a trustee for creditors and other persons interested in the estate, as is the *264 personal representative. In no event, or form of proceeding, can a creditor entitle bimself to satisfaction of bis own debts, or to priority or preference in payment, to the prejudice of the other creditors.
Where the intestate may have made a fraudulent transfer or assignment of his effects to the prejudice of creditors, the personal representative is estopped to file a bill, or to institute any other proceeding, for the purpose of calling in the fund thus fraudulently assigned, as held by this court in Lassiter vs. Cole, 8 Humph. 621.
This can only be done by a creditor, as against whom the assignment is void. The creditor’s bill for such purpose, should be in behalf of himself and the other creditors of the estate. But whether so or not, the recovery will enure to the benefit of all persons interested in the estate. The creditor collecting tire fund is not permitted, by any superior vigilance or act, to defeat the great and primary object of the law by appropriating the fund to his own benefit, to the injury of the other creditors. The law fastens a trust upon the fund thus realized, for the benefit of all the creditors, and will distribute it equally amongst all. Of course the creditor collecting the fund will be entitled to an allowance for all expenses and costs necessarily incurred in doing so.
The decree will be reversed.